FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHYMEEKE JENKINS,

                           Petitioner,

          -against-

SANDRA DOLCE, Superintendent, Orleans
Correctional Facility
                           Respondent.
-------------------------------------------------------------X

**DECISION & ORDER**
14-cv-6977 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Shymeeke Jenkins ("Petitioner"). Petitioner seeks federal habeas relief based on allegations of ineffective assistance of trial counsel. For the reasons discussed below, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2008 at approximately 9:30 P.M., Petitioner, brandishing a handgun, attempted to rob Derek Barry, the owner of a liquor store located at 231 Greene Avenue in Brooklyn, New York. Dkt. 6, Affirmation in Opposition to Petition for a Writ of Habeas Corpus ("Affirmation") at ¶4. After forcing Barry to open the store's cash register, Petitioner shot Barry in the wrist and left the store without stealing anything. *Id.*

On October 14, 2008, at the 88th Precinct stationhouse, Petitioner gave a written statement after waiving his *Miranda* rights[1] confessing he committed the attempted robbery of Barry's liquor store. *Id.* at ¶ 5. On that same day, at the office of Kings County District

---

[1] *Miranda* rights constitute an individual's right to remain silent and right to counsel. *See, e.g., Berghuis v. Thompkins*, 560 U.S. 370, 371 (2010).

1

Attorney, Petitioner gave a videotaped statement after waiving his *Miranda* rights where he confessed to the same. *Id.*

Based on the foregoing, Petitioner was charged by Kings County Indictment Number 10451/08 with two counts of Attempted Robbery in the First Degree under New York Penal Law ("NYPL") §§ 110.00/160.15[2], 110.00/160.15[4], two counts of Attempted Assault in the First Degree under NYPL §§ 110.00/120.10[1], 110.00/120.10[4], two counts of Criminal Possession of Weapon in the Second Degree under NYPL §§ 265.03[1][b], 265.03[3], and other lesser charges. *Id.* at ¶ 6.

The state trial court offered to allow Petitioner to plead guilty in exchange for a prison sentence of five years. *Id.* at ¶ 7. Although Petitioner's attorney advised him to plead guilty, Petitioner opted for a jury trial. *Id.*

On November 4, 2009, the jury found Petitioner guilty of Attempted Robbery in the First Degree. *Id.* at ¶ 8. On November 23, 2009, Petitioner was sentenced to a prison term of ten years and a post-release supervision term of five years. *Id.*

Thereafter, Petitioner, represented by counsel, filed an appeal to the Appellate Division, Second Department (the "Appellate Division") arguing the following: (1) trial counsel's numerous errors, which permeated the entire trial, deprived Petitioner of the effective assistance of counsel; (2) trial counsel's ignorance of basic sentencing principles and his failure to engage in any advocacy on Petitioner's behalf deprived Petitioner of the effective assistance of counsel at sentencing; and (3) Petitioner's sentence was excessive. *Id.* at ¶ 9.

On February 13, 2013, the Appellate Division affirmed Petitioner's judgment of conviction, holding "[Petitioner's] contention that he was deprived of the effective assistance of counsel is without merit . . . [u]nsuccessful trial strategies and tactics do not constitute ineffective

assistance of counsel[.] . . . Here, defense counsel presented a reasonable defense, interposed appropriate objections, effectively cross-examined witnesses, and delivered cogent opening and closing statements. Viewing the record as a whole, we conclude that [Petitioner] received meaningful representation." *People v. Jenkins*, 103 A.D.3d 753 (2013) (internal citations omitted). The Appellate Division also found the sentence imposed was not excessive. *Id.*

Petitioner thereafter sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. Affirmation at ¶ 12. Leave was denied on November 21, 2013. *Id.*; *see also People v. Jenkins*, 22 N.Y.3d 997 (2013).

On December 1, 2014, Petitioner, represented by counsel, filed his petition for the writ of *habeas corpus* in this Court. Dkt. 1, Petition for Writ of *Habeas Corpus* ("Petition"). Petitioner seeks federal *habeas* relief based on ineffective assistance of trial counsel. *Id.* Petitioner argues trial counsel was ineffective in the following ways: (1) trial counsel had Petitioner testify at the suppression hearing without using that testimony to make a suppression argument, unnecessarily subjecting Petitioner to impeachment of his credibility at trial; (2) trial counsel failed to cross-examine Derek Barry and Detective Barbee about the identification of another person as the shooter at the liquor store; (3) trial counsel failed to object to Detective Anthony Barbee's hearsay testimony that Daniel Battle advised him that Petitioner committed the shooting; (4) trial counsel failed to request a missing witness charge when the prosecution did not call Daniel Battle as a witness; (5) trial counsel failed to object to the prosecutor's comments during cross-examination and summation about Petitioner's pre-trial silence; (6) trial counsel's disjointed and irrelevant summation failed to present the defense theory and did more to advance the prosecution's case; (7) trial counsel made additional errors throughout the trial that deprived Petitioner of his right to effective assistance of counsel; and (8) Petitioner was deprived of his

constitutional right to the effective assistance of counsel during sentencing. *Id.* at 22-60. The Court will address each issue in turn.

## DISCUSSION

### I. Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687,

690). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential[;] . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694. With these legal principles in mind, the Court now turns to the analysis of Petitioner's request for *habeas* relief based on ineffective assistance of counsel.

## II. Analysis

### A. Trial Counsel Provided Effective Assistance at the Suppression Hearing

Petitioner argues trial counsel was ineffective because trial counsel had Petitioner testify at the suppression hearing without using that testimony to make a suppression argument, unnecessarily subjecting Petitioner to impeachment of his credibility at trial. Petition at 24-26. However, Petitioner's argument does not meet the standard set forth by *Strickland*.

A review of the record reveals a professionally sound performance by trial counsel. As an initial matter, the State's case rested on Petitioner's written and videotaped confessions that he attempted the robbery of Barry's liquor store. Affirmation at ¶ 5. As such, it was entirely plausible that trial counsel made the strategic decision to have Petitioner testify to establish the written and videotaped confessions were not voluntary and therefore should be suppressed. Even Petitioner admits "[p]resumably, the defense argument was that [P]etitioner was arrested without probable cause and that his statement was not the result of a voluntary and knowing waiver of his *Miranda* warnings." Petition at 25. Trial counsel's apparent strategic decision does not constitute ineffective assistance. *See, e.g., Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance.") (internal citations and quotations omitted).

Petitioner also attempts to argue that trial counsel was ineffective during the suppression hearing because he did not use Petitioner's testimony to make a suppression argument. However, given Detective Barbee's testimony during the suppression hearing regarding the voluntariness of Petitioner's confessions, it is plausible that trial counsel viewed any attempt to argue for suppression as futile. *See* Dkt. 6-1 ("State Court Transcripts") at SH 11-19[2]. "The failure to make demonstrably futile arguments cannot constitute constitutionally ineffective assistance of counsel." *Maldonado v. Burge*, 697 F. Supp. 2d 516, 541 (S.D.N.Y. 2010) (Holwell, J.) (internal quotation marks and citations omitted).

Accordingly, Petitioner has failed to establish trial counsel's representation meets the first prong under *Strickland*, *i.e.*, Petitioner has failed to establish that trial counsel's performance was deficient. Because Petitioner has failed to meet the first prong under *Strickland*, the Court need

---

[2] References preceded by SH, T, and S respectively refer to pages of the Suppression Hearing, Trial, and Sentencing Proceedings.

not engage in analysis of the second prong under *Strickland*. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [Petitioner] makes an insufficient showing on one."). Therefore, Petitioner's claim for *habeas* on this ground must be DENIED.

### B. Trial Counsel was Not Ineffective For Failing to Cross-Examine Derek Barry and Detective Barbee About the Identification of Another Person as the Shooter at the Liquor Store

Petitioner argues trial counsel was ineffective for failing to cross-examine Derek Barry and Detective Barbee about the identification of Daniel Battle as the man who shot Derek Barry at the liquor store. Petition at 26-32. Petitioner's argument, however, does not meet the standard set forth by *Strickland*.

Here, Petitioner has failed to establish how he has suffered any prejudice based on trial counsel's failure to cross-examine Derek Barry and Detective Barbee about the initial identification of Daniel Battle as the man who shot Derek Barry at the liquor store. While Petitioner argues that cross-examination would have created reasonable doubt for members of the jury, such an argument is without merit given Petitioner's two confessions about committing the attempted robbery at Derek Barry's liquor store. *Id.* at 32; Affirmation at ¶ 5.. Given these two confessions, Petitioner has failed to show that, had trial counsel cross-examined Derek Barry and Detective Barber about Derek Barry as a potential shooter, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Accordingly, Petitioner has failed to establish trial counsel's representation meets the second prong under *Strickland*, *i.e.*, Petitioner has failed to establish prejudice. Because Petitioner has failed to meet the second prong under *Strickland*, the Court need not engage in analysis of the first prong under *Strickland*. *Id.* at 697.

7

Therefore, Petitioner's claim for *habeas* relief on the basis of ineffective assistance of trial counsel on this ground must be DENIED.

### C. Trial Counsel was Not Ineffective for Failing to Object to Detective Barbee's Hearsay Testimony

Petitioner argues he is entitled to federal *habeas* relief for ineffective assistance of counsel based on trial counsel's failure to object to Detective Barbee's hearsay testimony that Daniel Battle advised him that Petitioner committed the shooting. Petition at 33-37. For the reasons stated directly above, Petitioner's argument does not meet the standard set forth in *Strickland* because Petitioner has failed to establish any prejudice. Given Petitioner's two confessions about committing the attempted robbery, Petitioner has failed to show that, had trial counsel objected to Detective Barbee's testimony that Daniel Battle advised him that Petitioner committed the shooting, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Accordingly, Petitioner has failed to establish trial counsel's representation meets the second prong under *Strickland*, *i.e.*, Petitioner has failed to establish prejudice. Because Petitioner has failed to meet the second prong under *Strickland*, the Court need not engage in analysis of the first prong under *Strickland*. *Id.* at 697. Therefore, Petitioner's claim for *habeas* relief on the basis of ineffective assistance of trial counsel on this ground must be DENIED.

### D. Trial Counsel was Not Ineffective for Failing to Object to the Prosecutor's Comments During Cross-Examination and Summation

Petitioner argues he is entitled to federal *habeas* relief for ineffective assistance of counsel based on trial counsel's failure to object to the prosecutor's comments during cross-examination and summation about Petitioner's pre-trial silence regarding Petitioner's accusations that Detective Barbee physically struck him. Specifically, Petitioner contends that trial counsel's "failure to effectively object to the prosecutor's repeated references to [P]etitioner's pre-trial

silence contributed to his overall ineffective representation, allowing the jury to believe that it could consider [P]etitioner's silence as evidence of his lack of credibility." Petition at 39. Petitioner concludes he suffered prejudice from this error because "[g]iven that the defense case depended on the jury believing [P]etitioner's testimony that his confession was physically coerced, there is a reasonable probability that the outcome would have been different but-for [trial] counsel's incompetence." *Id.* (citations omitted). Petitioner's argument is unavailing.

Under the second prong of *Strickland*, Petitioner has not demonstrated any prejudice that resulted from trial counsel's failure to object to statements made by the prosecutor during summation or cross-examination. Specifically, there is nothing in the record to suggest "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the overwhelming evidence – Petitioner's demeanor during his videotaped confession, Petitioner's medical records, Petitioner's own testimony during trial, and the testimony of Detective Barbee – there is no reasonable probability that the outcome of the trial would have been more favorable to Petitioner had trial counsel objected to the statements made by the prosecutor during summation. As such, trial counsel's failure to object to the statements made by the prosecutor did not provide a complete and independent basis for the jury to find Petitioner guilty beyond a reasonable doubt. *Id.* at 695 ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). Accordingly, Petitioner's claim for *habeas* relief on the basis of ineffective assistance of trial counsel on this ground must be DENIED.

### E. Trial Counsel was Not Ineffective for Failing to Request a Missing Witness Charge for Daniel Battle

Petitioner argues he is entitled to federal *habeas* relief for ineffective assistance of counsel based on trial counsel's failure to request a missing witness charge for Daniel Battle. Petition at 39-44. Petitioner's argument is without merit.

Petitioner is incorrect to argue that trial counsel failed to request a missing witness charge. The record reveals that not only did trial counsel ask the trial court to consider a missing witness charge with respect to Daniel Battle, but that the trial court rejected trial counsel's request to consider a missing witness charge for Daniel Battle. State Court Transcripts at T 159-160. The following dialogue between trial counsel and the trial court establishes that trial counsel did in fact request a missing witness charge for Daniel Battle:

> [Trial Counsel]: I've been toying around in my head about missing witness. Do you think it applies here? The fact that he wasn't – that [Daniel] Battle wasn't available.
>
> [Trial Court]: I don't think there is a missing witness charge here for a number of reasons. I don't think Mr. Battle is a witness who is available to testify. From what I was informed is that that he's out of the jurisdiction serving in the military. He's not a witness under the control of the People; he's apparently connected to the [Petitioner] in some way through a relationship with him. Whatever that is, I'm not sure from the [Petitioner's] account. But he does seem to be part of the extended family of the [Petitioner]. So he's not available, he's not under the control, and he wouldn't be expected to give favorable testimony to the People under these conditions. So I don't think he meets the requirements of a missing witness. So I decline to give that charge.

*Id.*

Additionally, even if trial counsel had failed to request a missing witness charge for Daniel Battle, Petitioner has failed to meet the standards set forth in *Strickland*. Although Petitioner claims trial counsel's error was prejudicial "given Battle's unquestionable importance to th[e] case," Petitioner has failed to show that a missing witness charge for Daniel Battle would have changed the course of the proceedings. *Strickland*, 466 U.S. at 694. Simply stating

prejudice resulted is not sufficient, especially given Petitioner's two confessions to committing the attempted robbery. Accordingly, Petitioner has failed to establish trial counsel's representation meets the second prong under *Strickland*, and the Court need not engage in analysis of the first prong under *Strickland*. *Id.* at 697. Petitioner's claim for *habeas* relief on the basis of ineffective assistance of trial counsel on this ground therefore must be DENIED.

### F. Trial Counsel was Not Ineffective During Summation

Petitioner argues trial counsel was ineffective during summation because his summation was "disjointed, largely irrelevant, and did nothing to advance the most viable defense theory of the case." Petition at 45. According to Petitioner, the main defense theory was that "Daniel Battle was the perpetrator of the shooting[,]" and trial counsel was ineffective because "[r]ather than arguing that Battle was the true assailant, [trial] counsel's summation could easily have supported the prosecution's theory that Battle's involvement in the crime was limited to accompanying [P]etitioner to the store and taking his clothes afterwards." *Id.* at 45, 47-48. For similar reasons discussed above, Petitioner's argument fails to meet the second prong set forth by *Strickland*, *i.e.*, that Petitioner has suffered prejudice based off trial counsel's summation in light of Petitioner's two confessions about committing the attempted robbery of the liquor store. Specifically, given these two confessions, Petitioner has failed to establish how a summation focusing on Daniel Battle as the perpetrator of the crime would have changed the course of the proceeding. *Strickland*, 466 U.S. at 694. Because Petitioner has failed to meet the second prong under *Strickland*, the Court need not engage in analysis of the first prong under *Strickland*. *Id.* at 697. Therefore, Petitioner's claim for *habeas* relief on the basis of ineffective assistance of trial counsel on this ground must be DENIED.

### G. Petitioner's Additional Ineffective Assistance Claims Fail

Petitioner also argues trial counsel was ineffective (1) during sentencing; (2) for failing to use voir dire as an opportunity to identify and strike jurors biased against the defense; and (3) for failing to effectively cross-examine certain prosecution witnesses. Petition at 51-60. These arguments are all without merit.

Here, there is nothing in the record to suggest the state courts applied *Strickland* unreasonably when rejecting Petitioner's ineffective assistance of counsel claim based on these claims. *See Harrington*, 562 U.S. at 101. In fact, all indications demonstrate that Petitioner's trial counsel performed well above the requirements of *Strickland*.

Under the first prong of *Strickland*, a review of the record reveals a professionally sound and successful performance by trial counsel. Trial counsel moved to try and suppress damning confessions given by the Petitioner, participated in jury selection, obtained a generous plea offer which Petitioner rejected against counsel's advice, and moved for a trial order of dismissal after the prosecution rested. *See Strickland*, 466 U.S. at 689. Given the overwhelming evidence associated with not only one confession given by Petitioner, but two confessions, it is plausible that trial counsel chose not to make certain arguments during sentencing, ask certain questions during voir dire, and ask certain questions during the cross-examination of some prosecution witnesses based on strategy or belief of their futility. *See, e.g., Taylor v. Fischer*, 05-CV-3034, 2006 WL 416372, at *5 (S.D.N.Y. Feb. 21, 2006) (Lynch, J.) (several strategic considerations can lead a reasonable lawyer to not highlight unfavorable inferences).

Under the second prong of *Strickland*, Petitioner also has not demonstrated any prejudice that resulted from trial counsel's performance during sentencing, his failure to use voir dire as an opportunity to identify and strike jurors biased against the defense, and his failure to effectively

cross-examine certain prosecution witnesses. Specifically, there is nothing in the record to suggest "but for [these] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Again, given the overwhelming evidence of guilt – Petitioner's two confessions, Petitioner's medical records, and the testimony of Detective Barbee elicited during direct examination – there is no reasonable probability that the outcome of the trial would have been more favorable to Petitioner had trial counsel made different arguments during sentencing, asked different questions during voir dire, or asked different questions during the cross-examination of certain prosecution witnesses.

Overall, there is no evidence on the record that the state courts unreasonably applied Strickland in rejecting Petitioner's ineffective assistance of counsel claims on these grounds. Accordingly, Petitioner's claim for *habeas* relief on these bases must be DENIED.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015
Brooklyn, New York